UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darcie A. Hobson,   Case No. 3:14-cv-2576

    Plaintiff

  v.   MEMORANDUM OPINION

Commissioner of Social Security,

    Defendant

## I. INTRODUCTION

Plaintiff Darcie A. Hobson objects to the Report and Recommendation of Magistrate Judge Kenneth S. McHargh, filed on January 19, 2016, which recommends I affirm the Commissioner of Social Security's decision denying Hobson's application for Supplemental Security Income. (Doc. No. 17). For the reasons stated below, I sustain Hobson's objections in part and remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II. STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). In making a *de novo* determination, this Court reviews the ALJ's decision to see if it is supported by substantial evidence. 42 U.S.C. § 405(g). The Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence, 'even where the conclusion of the ALJ may be justified upon the record.'" *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. Jan. 29, 2016).

### III. DISCUSSION

There are no objections to the background and administrative record of the case. I therefore adopt that portion of Magistrate Judge McHargh's Report and Recommendation in full. (Doc. No. 16 at 1-11).

Hobson contends Magistrate Judge McHargh erred in finding (1) Hobson was not substantially prejudiced by the Administrative Law Judge's ("ALJ") failure to consider Hobson's panic disorder and agoraphobia diagnosis (hereinafter "diagnosis"), and (2) the ALJ's assessment of non-treating opinions is supported by substantial evidence.

### A. FIRST OBJECTION

Hobson objects to Magistrate Judge McHargh's conclusion "the ALJ considered all the evidence of record, including evidence relating to limitations that were associated with agoraphobia with panic disorder, in his mental RFC analysis." (Doc. No. 16 at 16). Hobson argues, according to the regulations, the ALJ could not account for the impairment because the ALJ found it was not a medically determinable impairment. (Tr. 18-19). I agree. "In the absence of a showing that there is a 'medically determinable physical or mental impairment,' an individual must be found not disabled at step 2 of the sequential evaluation process." SSR 96-4P (S.S.A.), 1996 WL 374187, at 1. "[A]n impairment that can be shown by medically acceptable clinical and laboratory diagnostic techniques," such as a licensed physician's diagnosis, is a medically determinable impairment. SSR 96-7P (S.S.A.), 1996 WL 374186, at *2.

Jonathan Sirkin, M.D. diagnosed Hobson with panic disorder with agoraphobia on April 24, 2012. (Doc. No. 10 at 738-39). The parties do not dispute the ALJ overlooked Dr. Sirkin's diagnosis in determining Hobson's eligibility for disability benefits. (Doc. Nos. 11 at 9; 14 at 10) ("In determining that Plaintiff's alleged agoraphobia and panic disorder were not medically determinable impairments, the ALJ erroneously indicated that Dr. Sirkin declined to diagnose Plaintiff with panic

2

disorder with agoraphobia"). According to 20 C.F.R. § 404.1545, the Commissioner is obligated to consider "all medical evidence" in determining whether the claimant has a disability.  After considering similar cases, I cannot find the ALJ's noncompliance with the regulations in this case constitutes harmless error.

The Sixth Circuit supports remand where an ALJ fails to determine whether a medically determinable impairment meets or equals a listed impairment at step two. *See Reynolds v. Comm'r of Soc. Sec.*, 2011 WL 1228165, *2 (6th Cir. 2011). "[T]he ALJ need[s] to actually evaluate the evidence, compare it to [a] Listing, and given an explained conclusion, in order to facilitate meaningful review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id.* at *4.  *See also Morgan v. Astrue*, No. CIV.A. 10-207-KSF, 2011 WL 2292305, at *7 (E.D. Ky. June 8, 2011); *Weisgarber v. Colvin*, No. 3:13-CV-426-TAV-CCS, 2014 WL 3052488, at *8 (E.D. Tenn. July 3, 2014); *Solesbee v. Astrue*, No. CIV.A. 2:10-1882-RMG, 2011 WL 5101531, at *4 (D.S.C. Oct. 25, 2011).

In *Reynolds*, the ALJ found the claimant had severe mental and physical impairments at step 2. But, at step 3, the ALJ analyzed whether the claimant's mental impairments met or equaled a listed impairment only, failing to assess whether the claimant's physical impairments met or equaled a Listing. 2011 WL 1228165 at *3. The Sixth Circuit remanded "for the ALJ to revisit the case and explain his findings at Step Three." *Id.* at *1. The Court noted:

> The ALJ's error was not harmless, for the regulations indicate that if a person is found to meet a Listed impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary. 20 C.F.R. § 404.1520a(4)(iii). Therefore, if the ALJ had properly analyzed Step Three, and found Reynolds met Listing 1.04, she would receive benefits regardless of what the ALJ's conclusion would have been at Steps Four and Five. Additionally, in this case, correction of such an error is not merely a formalistic matter of procedure, for it is possible that the evidence Reynolds put forth could meet this listing.
>
> In short, the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step

> Three was supported by substantial evidence. See [sic] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000). As the Third Circuit explained, '[b]ecause we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning' supporting the determination that [the claimant's] severe impairments do not meet or medically equal a listed impairment. *Burnette*, 220 F.3d at 120.

*Id.*

A similar situation was presented in in *Morgan v. Astrue*, No. CIV.A. 10-207-KSF, 2011 WL 2292305, at *7 (E.D. Ky. June 8, 2011). There, the ALJ made the same mistake: failing to analyze whether the claimant's physical impairments met or equaled a Listing where he found them to be "severe" impairments at step two. 2011 WL 2292305, at *7. The Court likewise noted:

> …[T]he ALJ's failure to analyze Plaintiff's physical impairments at all at step three of the evaluation process makes meaningful review of the ALJ's decision impossible. Although an extensive discussion and analysis of each claimed impairment may not be required, in this case, there was not even a conclusory statement indicating that the ALJ had, at the very least, considered Plaintiff's physical impairments, compared those impairments to a Listing or Listings, and determined that those impairments did not meet or equal a Listing. The ALJ was clearly aware of Plaintiff's physical impairments, as he identified them early in the evaluation process and later discussed and incorporated them into his determination of Plaintiff's RFC. It is possible that, at step two, the ALJ determined that Plaintiff's physical impairments were not 'severe,' and, accordingly, although these impairments should be considered in determining Plaintiff's RFC, there was no need to analyze whether these physical impairments met or equaled a Listing. However, at step two, the ALJ failed to specifically identify which, if any, of Plaintiff's impairments he found to be 'severe.' Thus, it is impossible to tell if the ALJ determined that none of Plaintiff's physical impairments were 'severe,' or if the ALJ simply forgot to evaluate Plaintiff's physical impairments at step three. For all of these reasons, the Court cannot meaningfully review the ALJ's application of step three and determine whether the ALJ's findings at this step are supported by substantial evidence. Although, as suggested by the court in *Rabbers*, it is theoretically possible for this Court to review the medical evidence in the record, compare Plaintiff's physical impairments to the Listings, and make its own determination regarding whether Plaintiff's physical impairments meet or exceed a Listing, this Court cannot conduct a *de novo* review of Plaintiff's claim, resolve conflicts in the evidence, or make credibility determinations. *Cutlip*, 25 F.3d at 286. Thus, the step three evaluation of Plaintiff's physical impairments is a task more appropriately undertaken by the ALJ.

*Id.*

4

Likewise, in *Weisgarber,*, the Court noted the ALJ's failure to consider the claimant's "psychotic disorder, not otherwise specific" diagnosis. 2014 WL 3052488, at *7. The Court noted:

> Furthermore, even if the Court were to find that the Plaintiff would be unable to make a showing that he meets or medically equals Listing 112.03, that does not end the inquiry. The Plaintiff's diagnosis of 'psychotic disorder, not otherwise specific,' was not even evaluated by the ALJ. It is unclear to the Court whether the ALJ simply overlooked the effect of the diagnosis completely or whether she found the diagnosis was not a severe impairment and had no effect on the Plaintiff's ability to function. While the ALJ mentioned in passing that the Plaintiff was diagnosed with a psychotic disorder [Tr. 16], the ALJ later concluded [Tr. 23] that the record indicated that the Plaintiff was being treated for ADHD *with* psychosis but that he had improved significantly with medications. The ALJ appears to have treated the Plaintiff's psychotic disorder and ADHD as mutually exclusive, rather than analyzing the impairments singularly to determine whether the psychotic disorder alone or in combination with other impairments, *i.e.*, ADHD, had an effect and the extent of that effect on the Plaintiff.
>
> Because step three confers an important procedural benefit on the Plaintiff, the evaluation of the Plaintiff's psychotic disorder, including its severity and whether it meets or medically equals a Listing 112.03, is more appropriately tasked for the ALJ. Accordingly, the Plaintiff's allegation of error is well-taken. The Court will recommend that this case be remanded to the ALJ to: (1) fully analyze and compare the evidence in this case with Listing 112.03A and B; and (2) address whether the Plaintiff's psychotic disorder is a severe impairment and the effect, if any, it has on the Plaintiff's ability to function. Given the limited amount of medical evidence dated after July 2010, the ALJ is directed to acquire additional medical evidence and/or opinions as needed to fully develop and better address the issue.

In addition, a case in which an ALJ failed to consider an identical diagnosis, panic disorder with agoraphobia, at step 2, was also remanded by the district court.  *See, Solesbee*, 2011 WL 5101531, at *4.

In this case, the parties do not dispute that the ALJ overlooked record medical evidence in determining Hobson's eligibility to disability benefits.  In light of this omission, and the deferential standard afforded to the ALJ's decision, I find the Court cannot engage in a meaningful review of this decision.

A court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the case for a rehearing. *Id.* "[E]ven if supported by substantial evidence, 'a decision of

5

the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009). As the consideration of this diagnosis is for the benefit of both parties and was required for consideration by the ALJ in making the disability determination, I cannot find it constitutes harmless error.

Therefore, I sustain Hobson's objection, and remand to the Commissioner to determine whether (1) Hobson's alleged agoraphobia and panic disorder is a medically determinable impairment; and, (2) if so, whether it meets or equals a listed impairment.

### B. SECOND OBJECTION

As I determined this case must be remanded to the ALJ for reconsideration, I decline to address Hobson's second objection.

### V. CONCLUSION

For the reasons stated above, I sustain Hobson's first objection and reverse the decision of the ALJ. This matter is remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Specifically, the ALJ shall determine whether (1) Hobson's alleged agoraphobia and panic disorder is a medically determinable impairment; and (2), if so, whether it meets or equals a listed impairment.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge